**'O'  JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHVANI SOOD and SHAREVIA LEE,<br><br>               Plaintiffs,<br><br>    v.<br><br>FCA US, LLC; GLENDALE DODGE, LLC; and DOES 1 to 10,<br><br>             Defendants. | CV 21-4287-RSWL-SKx<br><br>**ORDER re: MOTION TO REMAND** [11] |

    Currently before the Court is a Motion to Remand (the "Motion") [11] filed by Plaintiffs Ashvani Sood and Sharevia Lee ("Plaintiffs").  Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS**: the Court **GRANTS** the Motion.

I.  BACKGROUND

**A.  <u>Factual Background</u>**

    Plaintiffs are residents of Los Angeles, California.  Notice of Removal Ex. A ("Compl.") ¶ 2, ECF

1

No. 1-3.  Defendant FCA US, LLC ("Defendant") is a limited liability company organized under the laws of Delaware, with its principal place of business in Michigan.  Id. ¶ 4.  Its sole member is a citizen of Delaware and Michigan.  Def.'s Notice of Removal ("Removal") ¶ 28, ECF No. 1.

On or about February 28, 2016, Plaintiffs purchased a 2015 Jeep Grand Cherokee (the "Vehicle") for approximately $50,779.04.  Compl. ¶ 9.  Plaintiffs allege that Defendant manufactured and/or distributed the Vehicle.  Id.  Plaintiffs received various warranties, wherein Defendant undertook to preserve or maintain the Vehicle's utility or performance or to provide compensation if a defect developed.  Id. ¶ 10. During the warranty period, Plaintiffs allege that the Vehicle contained or developed defects, and Defendant has been unable to service or repair the Vehicle to conform with the warranties.  Id. ¶¶ 11, 125.

**B.  Procedural Background**

Plaintiffs filed their Complaint [1-3] in the Superior Court of California, County of Los Angeles, on January 28, 2021, alleging: (1) violations of the Song-Beverly Consumer Warranty Act ("SBA") against Defendant, (2) fraudulent inducement against Defendant, and (3) negligent repair against Glendale Dodge.  Plaintiffs filed a request for dismissal [1-8] of Glendale Dodge on April 22, 2021.

On May 21, 2021, Defendant removed [1] this Action

1   to this Court based on diversity jurisdiction, and

2   Plaintiffs filed the instant Motion to Remand [11] on

3   August 18, 2021.  Defendant filed its Opposition [15] on

4   August 31, 2021, and Plaintiffs replied [16] on

5   September 7, 2021.

6                    **II.   LEGAL STANDARD**

7        To establish removal jurisdiction over a diversity

8   action, the removing defendant must demonstrate that (1)

9   the amount in controversy exceeds $75,000; and (2) the

10  suit is between citizens of different states.  See 28

11  U.S.C. § 1332.  "The amount in controversy includes all

12  relief claimed at the time of removal to which the

13  plaintiff would be entitled if she prevails."  Chavez v.

14  JPMorgan Chase & Co., 888 F.3d 413, 418 (9th Cir. 2018).

15  When a complaint filed in state court alleges on its

16  face "damages in excess of the required jurisdictional

17  minimum," the amount pled controls unless it appears "to

18  a legal certainty" that the claim is for less than the

19  jurisdictional amount.  Sanchez v. Monumental Life Ins.

20  Co., 102 F.3d 398, 402-04 (9th Cir. 1996).  Conversely,

21  "[w]here it is unclear or ambiguous from the face of a

22  state-court complaint whether the requisite amount in

23  controversy is pled, the removing defendant bears the

24  burden of establishing, by a preponderance of the

25  evidence, that the amount in controversy exceeds the

26  jurisdictional threshold."  Fritsch v. Swift Transp. Co.

27  of Ariz., LLC, 899 F.3d 785, 793 (9th Cir. 2018) (citing

28  28 U.S.C. § 1446(c)(2)(B)).

A motion for remand is the proper procedure for challenging removal and may be ordered for either lack of subject matter jurisdiction or any procedural defect in removal. See 28 U.S.C. § 1447(c). Courts strictly construe the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

### III. ANALYSIS

1. Judicial Notice

Pursuant to Federal Rule of Evidence 201, "[a] court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Accordingly, while a court may take judicial notice of matters of public record, a court may not take judicial notice of the substance of such records if subject to reasonable dispute. Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001) (stating that a court may take judicial notice of the fact that certain court records were filed but not of the truth of any facts stated therein).

Plaintiffs request the Court take judicial notice of eight remand orders in this Circuit that involved allegations like those made in this Action. See generally Pls.' Req. for Judicial Notice, ECF No. 12. Because these documents are all court records and

consequently their existence is not subject to
reasonable dispute, the Court **GRANTS** Plaintiffs'
request.  See Reyn's Pasta Bella, LLC v. Visa USA, Inc.,
442 F.3d 741, 746 n.6 (9th Cir. 2006) (finding that a
court may take judicial notice of court filings and
other matters of public record).  However, the Court
does not take judicial notice of any reasonably disputed
facts within these filings.  See Selane Prods., Inc. v.
Cont'l Cas. Co., No. 2:20-cv-07834-MCS-AFM, 2020 WL
7253378, at *3 (C.D. Cal. Nov. 24, 2020).

    2.   The Motion

    Defendant argues that the Court has diversity
jurisdiction over this Action because the amount in
controversy exceeds $75,000, Plaintiff is a resident of
California, and Defendant is a limited liability company
whose sole member is a citizen of Delaware and Michigan.
Removal ¶¶ 12, 27-29.  Plaintiffs move to remand this
Action, arguing that the Court lacks subject matter
jurisdiction under 28 U.S.C § 1332 because Defendant has
not carried its burden to demonstrate that the amount in
controversy requirement is satisfied.  Pls.' Mem. P. &
A. in Supp. of Mot. to Remand ("Mot.") 16:15-21.

    When a defendant removes a complaint to federal
court, the defendant's burden with respect to the amount
in controversy varies depending on the circumstances.
Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th
Cir. 2007).  Where "it is unclear or ambiguous from the
face of a state-court complaint whether the requisite

amount in controversy is pled," the applicable standard
is a preponderance of the evidence.  Id. (citing Sanchez
v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir.
1996)).  This requires that the defendant offer evidence
establishing that it is more likely than not that the
amount in controversy is met, exclusive of costs and
interest.  Id.  In considering whether the removing
defendant has satisfied its burden, the court "may
consider facts in the removal petition" and "summary-
judgment-type evidence relevant to the amount in
controversy at the time of removal."  Singer v. State
Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir.
1997) (quoting Allen v. R & H Oil & Gas. Co., 63 F.3d
1326, 1335-36 (5th Cir. 1995)).

Here, Plaintiffs allege that they "suffered damages
in a sum to be proven at trial in an amount that is not
less than 25,001.00."  Mot. at 5:19-21 (citing Compl.
¶ 12).  In the Complaint's Prayer for Relief, Plaintiffs
do not repeat that allegation or include any total
dollar amount in controversy.  Mot. at 5:21-24.  Because
it is not facially evident from the Complaint that the
amount in controversy exceeds $75,000, it is Defendant's
burden to prove, by a preponderance of the evidence,
that the amount in controversy exceeds the $75,000
jurisdictional threshold.  See Guglielmino v. McKee
Foods Corp., 506 F.3d 696, 701 (holding that allegations
relating to monetary relief not repeated in the "Prayer
for Relief" section render the amount in controversy

uncertain, giving rise to the preponderance standard).

The SBA permits buyers of consumer goods to recover "damages and other legal and equitable relief" from defendants who fail to comply with an express or implied warranty. Cal. Civ. Code § 1794(a). The measure of actual damages is "the amount paid or payable by the buyer," less the "amount directly attributable to use by the buyer." Id. § 1793.2(d)(2)(B)-(C). Additionally, "[i]f the buyer establishes that the failure to comply was willful, the judgment may include . . . a civil penalty which shall not exceed two times the amount of actual damages." Id. § 1794(c). Finally, prevailing plaintiffs may recover "the aggregate amount of costs and expenses, including attorneys' fees based on actual time expended." Id. § 1794.

a.   Actual Damages

Actual damages under the SBA are equal to the purchase price of the vehicle less the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)-(C). To determine the amount directly attributable to the buyer's use of the vehicle, the manufacturer multiplies the price of the vehicle the buyer paid by a fraction—the denominator is 120,000, and the numerator is the number of miles the buyer drove the car before the first relevant repair. Id. § 1793(d)(2)(C).

Defendant argues that the amount in controversy is met because the Complaint alleges that Plaintiffs

"suffered damages in a sum to be proven at trial in an amount that is not less than $25,001.00," meaning Plaintiffs' actual damages are at least $25,001.00. Def.'s Opp'n to Pls.' Mot. to Remand ("Opp'n") 8:9-9:2, ECF No. 15.  After adding two times that amount in civil penalties, the amount in controversy exceeds $75,000. Id.  Plaintiffs counter that the word "damages" in this allegation refers to total damages, which encompasses: (1) actual damages; (2) civil penalties; (3) attorneys' fees; and (4) punitive damages.  Mot. at 6:24-28.

Defendant's reading of the Complaint is unpersuasive.  Plaintiffs may very well have included the $25,001 figure only to clarify that the total amount in controversy qualifies the case as unlimited in California courts, and not to establish a minimum amount of actual damages to be recovered.  See Cal. Civ. Proc. Code § 85 (classifying civil cases as unlimited where the amount recovery sought exceeds $25,000).  Moreover, Defendant's interpretation is unsupported by the majority of case law in this Circuit.  See, e.g., Schneider v. Ford Motor Co., 441 F. Supp. 3d 909, 913 (N.D. Cal. 2020) ("[T]he Court could just as easily infer that the $25,001 refers to Plaintiff's *total* damages.  This lack of clarity forecloses Defendants' argument that the $25,001 'more likely than not' satisfies the federal-jurisdictional amount."); Edwards v. Ford Motor Co., No. CV1605852BROPLAX, 2016 WL 6583585, at *4 (C.D. Cal. Nov. 4, 2016) ("Plaintiff's

allegations . . . [do] not make clear whether he is seeking more than $25,000 in *actual damages*, or *total damages* . . . [thus] Defendant's assertion that these damages refer only to actual damages is only an assumption."). Because Defendant has not provided evidence that Plaintiffs' allegation referred to actual damages rather than total damages, Defendant has not met its burden in proving that the amount in controversy is met.

Alternatively, Defendant seeks to show that the amount in controversy has been satisfied based on the sales contract by arguing that "[t]he total sales price [$50,779.00] plus $101,558.00 as a double civil penalty . . . totals $152,337.00. . . . [and] [e]ven if a more conservative calculation is used . . . Plaintiffs paid to date [$34,972.52]." Removal ¶ 22 n.1. Plaintiffs counter that: (1) Defendant's mere use of the sales contract is insufficient, and (2) Defendant fails to address a mileage offset that would reduce Plaintiffs' actual damages. Mot. at 8:14-9:28; see also Cal. Civ. Code § 1793.2(d)(2)(C).

Although Defendant provides facts regarding the Vehicle's total purchase price and the amount Plaintiffs have paid thus far, Removal ¶ 22 n.1, Defendant fails to explain why either of these figures more likely than not represents the amount of actual damages to be recovered in this case. Plaintiff pleads a multitude of defects contained in the Vehicle, see Compl. ¶ 11, but Defendant

provides no information as to the cost of repair for those defects.  Without such maintenance or repair records, the Court cannot properly assess actual damages.  See Eberle v. Jaguar Land Rover North Am., LLC, No.218CV06650VAPPLA, 2018 WL 4674598, at *2 (C.D. Cal. Sept. 26, 2018) (granting motion to remand even though the car's purchase price was "considerable" because "[d]efendant offered no maintenance record or any facts to assist the Court in determining what the actual damages might be without resorting to speculation").

Defendant requests that Plaintiffs provide the computation of damages pursuant to Rule 26(a)(1)(A)(iii), arguing that it cannot fully assess actual damages or the offset amount without more information from Plaintiff.  Opp'n at 5:26-6:5. However, Defendant, as warranty provider, presumably has access to the information relevant to the amount in controversy calculation (such as payments made, maintenance records, warranty repair history, etc.), and Defendant has failed to bring a formal Motion to Compel Initial Disclosures per Rule 37(a).  Indeed, Defendant's request for additional information to determine the mileage offset is undermined by Defendant's statement in its Opposition that the Vehicle had driven 3,189 miles at the time of Plaintiffs' first repair visit.  Id. at 5:18-24.  Moreover, even if Defendant lacks access to necessary information, Defendant would not be prejudiced

by remand at this time because it can "ostensibly attempt removal again within 30 days of learning facts that actually serve to establish the amount in controversy." Boatright v. Ford Motor Co., No. 18-cv-03157-BLF, 2018 WL 4488762, at *4 (C.D. Cal. Sept. 17, 2018). Thus, delaying the ruling of this Motion to allow jurisdictional discovery is unnecessary.

Finally, Defendant argues that Plaintiffs' refusal of Defendant's offers to settle this case for $75,000 makes it "clear Plaintiffs value this case as potentially over $75,000." Opp'n 7:2-3. However, Defendant provides no evidence indicating that Plaintiffs rejected the offers because they found that amount to be insufficient. Because actual damages are uncertain for the reasons stated above, this Court cannot presume that Plaintiffs rejected the offer on that ground. See Boatright, 2018 WL 4488762, at *3 ("Without additional evidence to ground the offer, this Court cannot find that rejection of the offer reasonably serves as evidence of the amount in controversy.").

Because Defendant has not met its burden to establish the actual repair cost or appropriate mileage offset without resorting to speculation, Defendant has not met its burden of proving the amount of actual damages that are in controversy by a preponderance of the evidence.

b. Civil Penalties

A successful Song-Beverly plaintiff may be entitled

to recover civil penalties of up to twice the amount of the actual damages.  Cal. Civ. Code § 1794(c).  However, a civil penalty may be awarded only if a court determines that a defendant's failure to comply with the SBA is willful.  Cal. Civ. Code § 1794(c).  Id. Additionally, if the amount of actual damages is speculative, an attempt to determine the civil penalty amount is equally uncertain.  See Edwards v. Ford Motor Co., No. 16-cv-05852 BRO (PLAx), 2016 WL 6583585, at *4 (C.D. Cal. Nov. 4, 2016).

Defendant argues that the full civil penalty should be included in the amount in controversy because the Complaint expressly alleges that Plaintiffs are entitled to a civil penalty of two times their actual damages. Opp'n at 7:15-22; see also Compl. at 31:18.  Plaintiffs argue that Defendant has not met its evidentiary burden because Defendant has proffered no evidence of: (1) willfulness, or (2) that Plaintiffs will receive the maximum civil penalties given the SBA only permits a civil penalty up to two times the actual damages amount. Mot. at 10:16-11:4.

Defendant's argument is unpersuasive.  First, Plaintiffs are entitled to a civil penalty only if Defendant's violations were willful, and Defendant has not provided any evidence, nor pointed to any allegations in the Complaint, to support Plaintiffs' entitlement to civil penalties.  Without any evidence as to willfulness, Defendant fails to carry its burden of

proving that Plaintiffs are more likely than not entitled to a civil penalty, even if they prevail on the merits of their claim.  See Ronquillo v. BMW of North Am., LLC, No.3:20-CV-1413-W-WVG, 2020 WL 6741317, at *3 (S.D. Cal. Nov. 17, 2020) ("Rather than simply assuming that because a civil penalty is available, one will be awarded, the defendant must make some effort to justify the assumption by, for example, pointing to allegations in the Complaint suggesting such an award would be appropriate.").

Additionally, given that Defendant has not met its burden in establishing the amount of actual damages, it follows that determining the amount of civil penalties likely to be awarded is also uncertain.  See Nobakht v. Mercedes-Benz USA, LLC, No. 221CV03564ODWEX, 2021 WL 3674589, at *2 (C.D. Cal. Aug. 19, 2021) (finding that defendant failed to meet its burden in determining the amount of a civil penalty because the amount of actual damages was speculative).

Defendant provides no support that any civil penalty would be awarded or what the amount of any civil penalty would be in this case.  Because the removal statute is strictly construed against removal, Defendant has failed to meet its burden of showing that the full civil penalty available under the SBA should be included in the amount in controversy.

c.  Punitive Damages

"It is well established that punitive damages are a

13

part of the amount in controversy" for purposes of establishing diversity jurisdiction.  Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001).  "When assessing the probable amount of unspecified punitive damages for jurisdictional purposes, courts may look to verdicts in analogous cases as a reasonable approximation."  Campbell v. Hartford Life Ins. Co., 825 F. Supp. 2d 1005, 1009 (E.D. Cal. 2001) (citing Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002)).

While Plaintiffs seek punitive damages in their Prayer for Relief, they do not state a specific amount. Compl. at 31:24.  Defendant only points to the fact that Plaintiffs seek punitive damages in attempting to meet the jurisdictional minimum, which is insufficient.  See Conrad Assocs. v. Hartford Acc. & Indem. Co., 994 F. Supp. 1196, 1201 (N.D. Cal. 1998) ("Defendant's burden cannot be met simply by pointing out that the complaint seeks punitive damages and that any damages awarded under such a claim could total a large sum of money, particularly in light of the high burden that must be met in order for a plaintiff even to be eligible for receipt of discretionary punitive damages.").  Defendant has not provided any analogous verdicts or estimates of the amount of punitive damages in its papers, and makes no showing of any "oppression, fraud, or malice" that might support a punitive damage award. Thus, Defendant has failed to meet its burden of showing any amount of

1  punitive damages that should be included in the amount
2  in controversy.

3          d.  Attorneys' Fees

4      The SBA provides for an award of attorney's fees.
5  Cal. Civ. Code. § 1794(e).  "[W]here an underlying
6  statute authorizes an award of attorneys' fees, either
7  with mandatory or discretionary language, such fees may
8  be included in the amount in controversy." Galt G/S v.
9  JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998).
10 Moreover, "a court must include future attorneys' fees
11 recoverable by statute or contract when assessing
12 whether the amount-in-controversy requirement is met."
13 Fritsch v. Swift Trans. Co. of Ariz., LLC, 899 F.3d 785,
14 794 (9th Cir. 2018).  Nevertheless, district courts have
15 discretion to disregard attorneys' fees in determining
16 the amount in controversy where a fee estimate is too
17 speculative.  Id. at 795.  In this regard, the Ninth
18 Circuit requires "a removing defendant to prove that the
19 amount in controversy (including attorneys' fees)
20 exceeds the jurisdictional threshold by a preponderance
21 of the evidence."  Id.

22     Defendant provides a declaration in which
23 Defendant's counsel references numerous cases and
24 attests that "plaintiffs' attorneys regularly request
25 more than $75,000 in Song Beverly cases tried or
26 prepared for trial."  Decl. of Richard L. Stuhlbarg
27 ("Stuhlbarg Decl.") ¶ 5, ECF No. 1, Ex. D.  Defendant
28 also relies on Brady v. Mercedez-Benz, USA, Inc., 243 F.

Supp. 2d 1004 (N.D. Cal. 2002), to argue that a declaration detailing fee awards in similar lemon law cases is sufficient to calculate the amount in controversy. Opp'n at 9:22-10:7. Plaintiff counters that the declaration is self-serving and conclusory because Defendant fails to compare the present case to any of the cases referenced in the declaration. Mot. at 14:1-14.

Defendant's reliance on Brady is misplaced. There, the court relied on both a declaration stating an estimate of fees incurred to date and a declaration detailing fee awards in similar lemon law cases to calculate the amount in controversy. 243 F. Supp. 2d at 1011. Here, however, Defendant provides no estimate of the attorneys' fees that have accrued or will accrue in this case. Defendant has therefore failed to provide the Court with a fee estimate that is more likely than not in controversy. See Conrad Assocs. v. Hartford Accident & Indemnity Co., 994 F. Supp. 1196, 1200 (N.D. Cal. 1998) (finding that "[d]efendant's contention that attorney fees are likely to total at least $20,000 is too speculative" because defendant failed to estimate "the amount of time each major task will take" or vary the hourly billing rate for each task); Savall v. FCA US LLC, No. 21CV195 JM (KSC), 2021 WL 1661051, at *3 (S.D. Cal. Apr. 28, 2021) (distinguishing the Brady case because "[w]ithout making some effort to set forth the value of attorneys' fees that Plaintiff is expected to

incur, or that Plaintiff has incurred, [Defendant] has failed to meet its burden . . . .").

Furthermore, Defendant has failed to explain why the circumstances or services required in this case are comparable to the numerous cases cited in the declaration where "plaintiffs' attorneys regularly request[ed] more than $75,000." See D'Amico v. Ford Motor Co., No. CV 20-2985-CJC (JCX), 2020 WL 2614610, at *4 (C.D. Cal. May 21, 2020) ("Defendant makes no effort to explain what amount of attorney fees might be sought or awarded in this case . . . . Instead, Defendant argues only more generally that 'plaintiff's attorneys regularly request more than $65,000 in Song Beverly cases tried or prepared for trial.'"). As a result, the Court finds that Defendant has failed to substantiate any specific amount in potential attorneys' fees by a preponderance of the evidence.

Thus, because Defendant fails to meet its burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds the $75,000 jurisdictional threshold, the Court **GRANTS** Plaintiffs' Motion to Remand this Action to state court. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal.").

**IV.   CONCLUSION**

Based on the foregoing, the Court **GRANTS** Plaintiffs' Motion to Remand [11].

**IT IS SO ORDERED.**

DATED: October 14, 2021          /s/ Ronald S.W. Lew
                                  **HONORABLE RONALD S.W. LEW**
                                  Senior U.S. District Judge